UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| XCALIBER INTERNATIONAL LIMITED, LLC, | * | |
| | * | Misc. No.: 06-MS-545 -RWR |
| Plaintiff, | * | |
| | * | Case No.: 04-0069 Sect. S; Mag. 4 |
| vs. | | (United States District Court for the |
| | * | Eastern District of Louisiana) |
| CHARLES C. FOTI, JR., in his official capacity as Attorney General, STATE OF LOUISIANA, | * | |
| | * | |
| Defendant. | | |

RESPONSE OF XCALIBER INTERNATIONAL LIMITED, LLC TO THE NATIONAL ASSOCIATION OF ATTORNEYS GENERAL'S MOTION FOR ENTRY OF PROTECTIVE ORDER IN RESPONSE TO SUBPOENA FOR PRODUCTION OF CONFIDENTIAL DOCUMENTS

Plaintiff in the underlying matter, Xcaliber International Limited, LLC ("Xcaliber"), respectfully submits the following for the Court's consideration in connection with the Motion for Entry of Protective Order in Response to Subpoena for Production of Confidential Documents filed herein by the National Association of Attorneys General ("NAAG"). Xcaliber submits the instant brief to address a single, problematic provision in NAAG's proposed protective order. In all other respects, Xcaliber maintains no objection to entry of a protective order as requested by NAAG and Defendant in the underlying matter, Louisiana Attorney General, Charles C. Foti, Jr. (the "Attorney General").

As stated in NAAG's motion, this proceeding arises from ongoing litigation in the U.S. District Court for the Eastern District of Louisiana. In that suit, Xcaliber has challenged a 2003 amendment to a Louisiana statute (La. R.S. 13:5063) on constitutional and antitrust grounds. See

1

RECEIVED
DEC 19 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*generally, Xcaliber Intern. Ltd., LLC v. Foti*, 442 F.3d 233 (5th Cir. 2006). On August 8, 2006, Xcaliber served a subpoena duces tecum on third party NAAG at its Washington, D.C. headquarters, requesting production of various documents related to the Louisiana amendment and numerous similar amendments in other states. NAAG has made the instant request for a protective order because it contends that some of the requested information is commercially sensitive and/or subject to confidentiality provisions in the 1998 Master Settlement Agreement ("MSA").

On November 20, 2006, the Eastern District of Louisiana entered a Protective Order in the underlying litigation. That order was jointly requested by Xcaliber and the Attorney General based on similar concerns over the confidentiality of various relevant documents which are commercially sensitive and, in some cases, central to future, unrelated litigation over MSA payments between multiple state Attorneys General and the major tobacco manufacturers. As set forth in its motion, NAAG does not consider itself, as a third party, to be sufficiently protected by the terms of the Eastern District of Louisiana's order and, on that basis, has moved for a separate protective order from this Court.

First and foremost, Xcaliber wishes to make clear that it in no way objects to confidential treatment of the documents in question. Xcaliber does not seek to unnecessarily disclose or disseminate any documents and does not intend to dispute any of NAAG's confidentiality designations (before the Eastern District of Louisiana, this Court, or any other). Xcaliber cannot consent to the order NAAG has proposed here solely because of a single provision (contained in Section 11.a. of the proposal) which is potentially triggered by a future ruling of the Eastern District of Louisiana made pursuant to its own, November 20, 2006 protective order.

The Eastern District of Louisiana's November 20, 2006 protective order requires any party

seeking to file a document under seal to move for a separate order confirming the producing person's confidentiality designation. Should Xcaliber should seek to file anything that has been designated "NAAG Confidential Information" under NAAG's proposed order, it would have to bring such a motion before the Easter District of Louisiana. If that court were to disagree with and reject NAAG's confidentiality designation, the Eastern District of Louisiana's November 20, 2006 order states that the documents may not be filed under seal. Magistrate Judge Karen Wells Roby specifically insisted on this procedure after participating in multiple conference calls with the parties and holding a lengthy status conference to discuss the protective order. Based on the general policy requiring public access to judicial proceedings, and her concern over the additional clerical burden imposed by filing documents under seal, she expressly mandated that the Eastern District of Louisiana protective order *not* require sealed filing based solely on a producing party's unilateral confidentiality designation. In response to this provision of the Eastern District of Louisiana's order, the final sentence of Section 11.a. in NAAG's proposal provides:

> If a document designated as containing NAAG Confidential Information is determined not to be confidential by the Eastern District of Louisiana, the submitting party may seek the removal of the confidential designation in this Court pursuant to the provisions of this Order, or shall refrain from filing such documents in the Eastern District of Louisiana.

Xcaliber respectfully submits that this provision, which prohibits the use of relevant information and/or requires further litigation in this Court based on a ruling from the Eastern District of Louisiana specifically contrary to NAAG's unilateral designation, is not appropriate for inclusion in the order.

It should be noted at the outset that Xcaliber recognizes this Court's jurisdiction over production under the subpoena and acknowledges that issues related to NAAG's compliance

3

therewith are properly determined here. However, the provision in question extends well beyond this arena by attempting to restrict or condition the subsequent use of documents in another jurisdiction in accordance with that other court's order. In so doing, the provision creates the potential for direct conflict between a standing order of this Court and another court's subsequent, more specific determination that certain documents (which have been designated confidential by NAAG, but not subjected to any actual review) are not properly withheld from public view. While issues related to the subpoena itself are within the purview of this Court, the propriety of filing documents under seal is an issue concerning Eastern District of Louisiana's own records and is inherently within its exclusive jurisdiction. We reiterate that Xcaliber will not seek to challenge any confidentiality designation made by NAAG; nonetheless, Xcaliber must protect its right to introduce relevant evidence produced by NAAG into the Eastern District of Louisiana suit record whether such evidence is entitled to confidential treatment from the Eastern District or not.

It should also be pointed out that NAAG's concern stemming from the Eastern District of Louisiana's order is largely unfounded. Assuming that NAAG exercises some form of reasonable discretion in making its confidentiality designations, there is little, if any, reason to anticipate rejection of that designation by the Eastern District of Louisiana. As stated above, Magistrate Judge Roby expressed a desire only to prohibit filing under seal *by default*, particularly given the substantial administrative burden sealed filing places on the court. She was not, however, generally hostile or otherwise indifferent to the parties' confidentiality concerns. Her order does not limit the parties' ability to restrict their own use of self-designated documents and does not, of course, proscribe filing under seal in its entirety. Thus, provided NAAG makes a good faith effort only to designate documents that are legitimately protectable under Rule 26(c), NAAG should receive the

protection of its information that it desires.

In making this motion, NAAG is not, per the normal use of Rule 26(c), simply asking this Court to restrict disclosure by the parties. NAAG is fully aware that Xcaliber will take all steps necessary and within its control to prevent dissemination of the documents, and knows that Xcaliber will agree to an order effecting those restrictions. Neither is NAAG arguing that its confidentiality concerns alone justify withholding responsive documents. It is well established that confidentiality is not a defense to production, *see, e.g.,DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684 (D.Kan.,2004) ("a general concern for protecting confidentiality does not equate to privilege ... information and documents are not shielded from discovery merely because they are confidential"); *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 61 L.Ed.2d 587 (1979) ("there is no absolute privilege for trade secrets and similar confidential information"), and NAAG does not contend otherwise. The only remaining point of contention, and the only real purpose for this somewhat duplicative motion, is the potential for a ruling from the Eastern District of Louisiana adverse to NAAG's own, unilateral confidentiality designation. NAAG has chosen to deal with this eventuality by, effectively, shoehorning judicial review into the protective order it is asking this Court to enter. Under NAAG's Section 11.a., if a party wishes to use a document that the Eastern District of Louisiana has determined to be publicly viewable, that submitting party must "seek removal of the confidential designation" here; *i.e.*, re-litigate the Eastern District of Louisiana's decision before this Court. Given the tight litigation shcedule in this case, which has already been extended once, NAAG's proposal is not practicable[1], to say nothing of the jurisdictional issue it

---

[1] The trial of the underlying case, as recently continued, is now set for June 2007. It is likely that the issues requiring re-litigation in this Court under NAAG's proposal would not arise and be decided in the first instance by the Eastern District of Louisiana until May, in connection

5

presents.

NAAG's alternative suggestion – to simply refrain from using the documents as if they were never produced – is, of course, totally inconsistent with the entire, truth-seeking purpose of the discovery process and equally, if not more, objectionable.

In its motion, NAAG raises the question of whether the Eastern District of Louisiana's order is applicable to a third party. As pointed out by NAAG, the order itself includes an "Exhibit A" for execution by a third party, but the body of the order itself does not expressly address the issue. Xcaliber would note that NAAG's concern in this regard is mooted by this Court's entry of the protective order Xcaliber proposes herein.

NAAG has also expressed concern regarding the *ex parte* nature of motions before the Eastern District of Louisiana, and its ability to argue in support of a confidentiality designation. While the order does requires submittal of an *ex parte* motion, it simultaneously requires "notice to opposing counsel." This seemingly contradictory language was the result of a late modification, made during a November 17, 2006 status conference to discuss the order. While this language is somewhat incongruent, it is clear that counsel for NAAG must be notified in the event that any designated information is presented for filing. NAAG would thereby be afforded an opportunity to be heard. Thus, despite use of the term "*ex parte*," the order does not impair NAAG's ability support its confidentiality designation. We note further that the interests of the defendant in the underlying litigation (the Louisiana Attorney General) are fully aligned with the interests of NAAG on this and

---

with dispositive motion practice currently scheduled for briefing in April. Moreover, what happens under NAAG's proposal if this Court disagrees with the Eastern District of Louisiana and rules that the information at issue should remain designated confidential? Can this Court order the Eastern District to allow the information to be filed under seal? We respectfully suggest this is an issue to be decided by the Eastern District, if indeed it should ever arise.

all other issues in the underlying suit.

It bears repeating that, short of simply forfeiting its right to use germane information as if it never existed, Xcaliber is, and always has been, willing to maintain confidentiality as desired by NAAG or any other party. Xcaliber objects here only to the extent that NAAG's proposal effectively imbues it with authority to preemptively contravene a ruling by the Eastern District of Louisiana. Because Xcaliber objects only to this limited aspect of NAAG's proposal, Xcaliber proposes entry of the attached order (Xcaliber Exhibit 1) which is identical to NAAG's proposal in all respects, save the removal of Section 11.a.

Respectfully Submitted,

Kyle M. Keegan (LSB No. 19942)
Christopher D. Kiesel (LSB No. 26360)
J. Brian Juban (LSB No. 28106)
Roy, Kiesel, Keegan & DeNicola
2355 Drusilla Lane
Baton Rouge, LA 70809
Telephone: (225) 927-9908
Facsimile: (225) 926-2685
Email: kmk@rkkdlaw.com

Attorneys for Plaintiff, Xcaliber International Limited, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was served on the following counsel by facsimile and Federal Express this 18th day of December, 2006.

Robert P. Fletcher, Esq.
Leslie Paul Machado, Esq.
Nixon Peabody, LLP
401 Ninth Street, N.W., Suite 900
Washington, D.C. 2004-2128
(202) 585-8000 /8080 (fax)

Attorneys for National Association of Attorneys General

Thomas L. Enright, Jr.
Assistant Attorney General
Louisiana Department of Justice
1885 North Third Street
P.O. Box 94005
Baton Rouge, LA 70804-9005
(225) 326-6423 / 6072 (fax)

Attorney for Charles C. Foti, Jr., Attorney General, State of Louisiana

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

XCALIBER INTERNATIONAL
LIMITED, LLC,

Plaintiff,

- VS -

CHARLES C. FOTI, JR., in his official
capacity as Attorney General,
STATE OF LOUISIANA,

Defendant.

Misc. No.: 06-545-RWR
Case No.: 04-0069 Sect. S; Mag. 4
(United States District Court for the
Eastern District of Louisiana)

## PROTECTIVE ORDER

IT IS HEREBY ORDERED, that each of the parties and the National Association of Attorneys General ("NAAG"), shall be governed by the following terms and conditions in connection with the production of NAAG Confidential Information (as defined herein) by NAAG in the District of Columbia.

I.   Definitions.

   a.   The term "NAAG Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by NAAG that it reasonably and in good faith believes is of the type protectable under Fed.R.Civ.P. 26(c)(7).

   b.   The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by NAAG in this action.

c. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

d. The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

e. The term "qualified person," in addition to the parties themselves, includes (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and clerical employees actually assisting such counsel and outside vendors engaged by such counsel to scan and/or code documents; (ii) in-house lawyers who are engaged in preparation for trial and trial of this litigation, including necessary legal assistants and clerical employees actually assisting these persons; (iii) outside independent experts and consultants of the parties who are formally retained by and actively assisting counsel identified in (i) and (ii) in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; and (iv) the court reporters.

f. The term "receiving party" means any person to whom information is disclosed in this action in response to any discovery method permitted by the Federal Rules of Civil Procedure.

2. Any information supplied in documentary or other tangible form may be designated by NAAG as NAAG Confidential Information by placing or affixing on each page of such document, or on the face of such thing, the legend "CONFIDENTIAL" (uppercase or lowercase). In the case of documents or information produced in any electronic form, the legend

"CONFIDENTIAL," when placed or affixed on the face of such thing, shall designate such thing and information therein to be NAAG Confidential Information. In the case of documents produced prior to the entry of this Order, NAAG shall have fifteen (15) days from the date of entry of this Order to designate in writing each document containing NAAG Confidential Information and each such designated document shall thereafter be treated as NAAG Confidential Information under the terms of this Order.

3. If the receiving party disagrees with the confidentiality designation by NAAG, said receiving party shall notify counsel for NAAG in writing. Counsel for NAAG and the receiving party shall attempt to resolve such dispute within five (5) business days after receipt of the receiving party's notice. If the dispute cannot be resolved, the party seeking disclosure, upon no fewer than three (3) business days' written notice to counsel for NAAG, may, by specifying the basis on which it claims that such designation is improper or that such disclosure is appropriate, seek a ruling from this Court that the information is not properly designated. Pending a determination by this Court, such information shall be treated as NAAG Confidential Information under this Order.

4. NAAG Confidential Information may be disclosed only to qualified persons. All qualified persons in possession of NAAG Confidential Information shall execute Exhibit A ("Qualified Persons Bound by Protective Order") and, in so doing, shall provide an exhaustive list of all individuals who meet the definition of a qualified person and to whom NAAG Confidential Information may be disclosed under this Order. Prior to any disclosure, qualified persons shall read this Order and (i) agree to be bound by the terms thereof, (ii) agree to maintain

3

said information in confidence, and (iii) agree not to disclose NAAG Confidential Information to anyone other than as set forth herein.

5. Any summary, compilation, notes, or copy or copies containing NAAG Confidential Information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy or copies, electronic image or database is derived. Any such summary, compilation, notes, copy or copies which constitute attorney work product shall not be subject to the return or destruction provisions in paragraph 14 of this Order.

6. During a deposition or pretrial evidentiary hearing in this matter, if a question is asked that would result in the disclosure of NAAG Confidential Information, a party or NAAG may designate the response as NAAG Confidential Information, prior to the response being given, by stating on the record that the answer is "CONFIDENTIAL," or within fifteen (15) business days after receipt of the transcript, by notifying counsel for the parties in writing that the answer is "CONFIDENTIAL" All such transcripts shall be treated as NAAG Confidential Information until fifteen (15) business days after receipt thereof by counsel for the parties and counsel for the witness. Once an answer to a question is designated as NAAG Confidential Information, only qualified persons may be in attendance. The portion of the transcript corresponding to the designated answer shall be marked by the reporter and videographer as "CONFIDENTIAL" Each party shall cause each copy of those portions of the transcript in its custody or control or that comes into its custody or control to be immediately marked as "CONFIDENTIAL." A party may also stamp "Portions of the Transcript Contain Confidential

Information" on the front of the transcript, or alternatively segregate that portion of the testimony designated as containing NAAG Confidential Information.

7. Disclosure of NAAG Confidential Information may be made to experts who are formally retained by and actively assisting counsel identified in 1 (e)(i) and (ii) in the preparation and trial of this action. The party retaining any such expert shall provide opposing counsel with the name of said expert on Exhibit A ("Qualified Persons Bound by Protective Order") or, if Exhibit A has been previously executed, on an addendum thereto.

8. In the event any document is produced that NAAG later claims is protected by attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request by NAAG, return the original to NAAG, destroy all copies thereof as well as, all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or data base tape or disk it maintains. Production of privileged, work-product-protected, or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications. Return of a document for which NAAG has asserted a claim of privilege, work-product-protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work product protection or immunity is invalid or inapplicable, provided, however, that mere production of the document in the course of this action shall not be a ground for asserting waiver for the privilege, protection or immunity.

9. This Order is entered solely for the purpose of facilitating the production of confidential documents by NAAG to the parties in this action without unnecessary involvement of the Court. Nothing in this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or non-confidentiality of any such information; or (iii) altering any existing obligation of any party or subscriber, or the absence of such obligation.

10. This Order shall be without prejudice to the right of any party or other subscriber to this Order (i) to bring before this Court, at any time, the question of whether any particular document or information is NAAG Confidential Information or whether its use otherwise should be restricted or (ii) to present a motion to this Court under Fed.R.Civ.P. 26(c), for a separate protective order as to any such particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

11. All documents, including pleadings, motions, and other papers, containing NAAG Confidential Information that are filed in this Court or in the Eastern District of Louisiana shall, except as otherwise ordered by the court in which they are filed, be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, the word "CONFIDENTIAL," and a statement substantially in the following form:

**FILED UNDER SEAL**

By order of the Court, entered on [date], this envelope is to remain sealed, and the Clerk of the Court shall not reveal the contents thereof to any person until further order of the Court.

All information subject to confidential treatment in accordance with the terms of this

Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any NAAG Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

12.  The parties and NAAG shall attempt to agree upon procedures to prevent disclosure of NA.AG Confidential Information at any hearing or trial. Prior to such hearing or trial, the parties and NAAG shall submit any disputes relating thereto to the Eastern District of Louisiana for resolution.

13.  If NAAG Confidential Information in the possession, custody or control of any receiving party is sought by subpoena, request for product on of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed, shall (i) on or before the second business day after receipt thereof, give written notice of such process or discovery request together with a copy thereof, to counsel for NAAG; and (ii) cooperate to the extent necessary to permit NAAG to seek to quash or modify such process or discovery request.

14.  Upon final termination of this action, including all appeals, all parties and experts and consultants shall (i) at the option of NAAG, return to NAAG or destroy all originals of material produced and designated as NAAG Confidential information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as all

notes, memoranda, or other documents that summarize, discuss, or quote materials produced and designated as NAAG Confidential Information, except that, with respect to word processing and database tapes and disks, such tapes or disks shall be destroyed or erased to the extent practicable. Notwithstanding the above, outside counsel for each party shall be entitled to retain attorney work product, and copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as NAAG Confidential Information, provided that all such documents shall remain subject to this Order. Counsel of record for the parties shall certify in writing to each producing person that it has complied with the foregoing provisions.

15. This Court shall retain jurisdiction of this matter for purposes of enforcing this Order.

16. This Order shall survive and remain in fill force and effect after termination of this action.

DATED:   This ___ day of _____, 2006.

SO ORDERED:

_____
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

## **EXHIBIT A**

**Qualified Persons Bound by Protective Order**

Undersigned counsel does hereby certify, on behalf of [signatory to Protective Order], that the following identified individuals constitute an exhaustive list of all individuals who meet the definition of "qualified person" and to whom any NAAG Confidential Information may he disclosed as provided in the attached Protective Order, dated _____, 2006, entered by the United States District Court for the District of Columbia in the action captioned, Xcaliber International Limited, LLC v. Charles C. Foti, Jr., in his capacity as Attorney General for the State of Louisiana, Misc. Case No.06-MS-545.

All individuals listed have, prior to any disclosure of NAAG Confidential Information, read the attached Protective Order and have agreed to be bound by the terms thereof.

| Individual | Position of Employment or Reason for Qualified Person Status |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Signature of Counsel for _____

Date: _____