**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| XCALIBER INTERNATIONAL LIMITED, LLC,<br><br>Plaintiff,<br><br>- vs -<br><br>CHARLES C. FOTI, JR., in his official capacity as Attorney General, STATE OF LOUISIANA,<br><br>Defendant. | Misc. No.: 06-MS-545<br><br>Case No.: 04-0069 Sect. S; Mag. 4<br>(United States District Court for the Eastern District of Louisiana) |

**CONSENT MOTION FOR ENTRY OF PROTECTIVE ORDER**
**IN RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS**

Movant and non-party National Association of Attorneys General ("NAAG"), with the consent of plaintiff Xcaliber International Limited, LLC ("Xcaliber") and defendant Charles C. Foti, Jr., in his official capacity as Attorney General, State of Louisiana ("Louisiana"), hereby moves the Court, pursuant to Fed. R. Civ. P. 45(c)(3)(B) and Local Rule 7, for entry of the agreed-to protective order attached hereto as Exhibit A.

The proposed protective order will govern the production of confidential documents by non-party NAAG in response to a subpoena served upon it in the District of Columbia by plaintiff Xcaliber, arising from a case pending in the United States District Court for the Eastern District of Louisiana, *Xcaliber Int'l Ltd., LLC v. Foti*, Case No. 04-0069. In support of this consent motion, NAAG states as follows:

1.  In the underlying case, Xcaliber argues that a 2003 amendment (the "Allocable Share Amendment") to a Louisiana statute (the "Louisiana Escrow Statute") is preempted by the Sherman Act, or contravenes other constitutional rights of Xcaliber. The Louisiana Escrow

10163450.3

- 2 -

Statute, and related Allocable Share Amendment, concern state escrow accounts required to be maintained by certain cigarette manufacturers (including Xcaliber) to cover potential tobacco health care costs associated with smoking cigarettes. These Statutes are related to the 1998 tobacco Master Settlement Agreement ("MSA") between major cigarette manufacturers and 46 Settling States, the District of Columbia, Puerto Rico and four territories.

2.     NAAG is an unincorporated association with headquarters in Washington, D.C. The members of NAAG are the Attorneys General of all the States, the District of Columbia, the Commonwealth of Puerto Rico, and four U.S. territories. Under Section VIII of the MSA, NAAG has responsibility for coordination and facilitation of the implementation and enforcement of the MSA on behalf of the States that are parties to the MSA.

3.     On or about August 8, 2006, Xcaliber served a non-party subpoena upon NAAG seeking production of documents.

4.     Following NAAG's submission of objections to the subpoena, NAAG and Xcaliber thereafter mutually agreed to narrow the scope of the requests, and otherwise have worked cooperatively to coordinate the response to the subpoena. During these discussions, NAAG advised Xcaliber that many of the documents sought by the subpoena contained confidential and sensitive commercial and trade information of the type protected from disclosure by Fed.R.Civ.P. 26(c)(7). NAAG and Xcaliber agreed that NAAG's production of these confidential documents would not occur until an appropriate protective order was entered.

5.     Such confidential documents include but are not limited to documents and notices to and from PricewaterhouseCoopers ("PwC"), the Independent Auditor under the MSA, that contain commercial and market share information regarding competing tobacco companies. These Notices are specifically designated as "confidential" pursuant to Section XI(a) of the

10163450.3

MSA. Production of these documents would breach obligations created by that Agreement unless they are produced subject to a protective order that mandates that they be kept confidential.

6. Consequently, NAAG sought a protective Order from this Court that would govern the production of NAAG confidential documents. Docket No. 1.

7. By Order dated April 2, 2007, the Court declined to enter NAAG's proposed protective order because NAAG and Xcaliber could not agree on its terms. Docket No. 7.

8. NAAG and Xcaliber have now agreed on the terms of a protective order that will govern the production of NAAG confidential documents. The proposed order in Exhibit A essentially mirrors an order entered by the United States District Court for the Eastern District of Louisiana, where the *Foti* case is pending. Thus, following production, the NAAG confidential documents will be subject to the same conditions and restrictions on use as the other confidential documents produced by the parties.

9. This Court has jurisdiction to enter this protective order because the subpoena issued from this district, where NAAG is located. *See* Fed .R. Civ. P. 45 (c)(3)(B).

10. Xcaliber and Louisiana consent to entry of this protective order for the NAAG documents and, as indicated in the submitted protective order, have consented to the jurisdiction of this Court for purposes of its enforcement regarding the NAAG produced documents.

WHEREFORE, for the foregoing reasons, and with the consent of the parties, NAAG requests that the Court enter the attached consent protective order.

Dated: April 13, 2007                               Respectfully submitted,


                                                    s/ Leslie Paul Machado_____
                                                    Robert P. Fletcher (Bar No. 375543)
                                                    Leslie Paul Machado (Bar No. 472395)
                                                    John M. Bramlette
                                                    NIXON PEABODY LLP
                                                    401 Ninth Street, N.W., Suite 900
                                                    Washington D.C. 20004-2128
                                                    Tele: (202) 585-8000
                                                    Fax: (202) 585-8080

                                                    *Attorneys for the National Association of Attorneys General*


                                                    SEEN AND AGREED TO:

                                                    s/ Kyle M. Keegan_____
                                                    Kyle M. Keegan (LA No.19942)
                                                    Christopher D. Kiesel (LA No. 26360)
                                                    ROY, KIESEL, KEEGAN & DeNICOLA
                                                    2355 Drusilla Lane
                                                    Baton Rouge, LA 70809
                                                    Telephone: (225) 927-9908
                                                    Facsimile: (225) 926-2685

                                                    *Attorneys for Plaintiff XCaliber International Limited, LLC*



                                                    s/ Stacie L. deBlieux_____
                                                    Stacie L. deBlieux (LA No. 29142)
                                                    Assistant Attorney General
                                                    Louisiana Department of Justice
                                                    P.O. Box 94005
                                                    1885 North 3rd Street, 4th Floor
                                                    Baton Rouge, LA 70804-9005
                                                    (225) 326-6423 / 6072 (Fax)

                                                    *Attorneys for Defendant, Charles C. Foti, Jr.*

10163450.3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 13, 2007, a copy of the foregoing was via electronic mail to the following:

Kyle M. Keegan, Esq.
Christopher D. Kiesel, Esq.
J. Brian Juban, Esq.
ROY, KIESEL, KEEGAN & DeNICOLA
2355 Drusilla Lane
Baton Rouge, LA 70809
*Attorneys for XCaliber International Limited, LLC*

Stacie L. deBlieux, Esq.
Assistant Attorney General
Louisiana Department of Justice
P.O. Box 94005
1885 North 3rd Street, 4th Floor
Baton Rouge, LA 70804-9005
*Attorney for Charles C. Foti, Jr., in his official capacity as Attorney General, State of Louisiana*

_____/s/_____
Leslie Paul Machado

10163450.3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XCALIBER INTERNATIONAL LIMITED, LLC,<br><br>Plaintiff,<br><br>- vs -<br><br>CHARLES C. FOTI, JR., in his official capacity as Attorney General, STATE OF LOUISIANA,<br><br>Defendant. | Misc. No.: 06-MS-545<br><br>Case No.: 04-0069 Sect. S; Mag. 4<br>(United States District Court for the Eastern District of Louisiana) |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED that, pursuant to the Stipulated Agreement of each of the parties and the National Association of Attorneys General ("NAAG"), they shall be governed by the following terms and conditions in connection with the production of NAAG Confidential Information (as defined herein) by NAAG in the District of Columbia.

1.  Definitions.

    a.  The term "NAAG Confidential Information" means any information, whether oral or in documentary or other tangible form, so designated by NAAG that it reasonably and in good faith believes is of the type protectable under Fed.R.Civ.P. 26(c)(7).

    b.  The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by NAAG in this action.

1

  c. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of the term.

  d. The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

  e. The term "qualified person," in addition to the parties themselves, includes (i) outside counsel engaged to represent one of the parties to this action, including necessary legal assistants and clerical employees actually assisting such counsel and outside vendors engaged by such counsel to scan and/or code documents; (ii) in-house lawyers who are engaged in preparation for trial and trial of this litigation, including necessary legal assistants and clerical employees actually assisting these persons; (iii) outside independent experts and consultants of the parties who are formally retained by and actively assisting counsel identified in (i) and (ii) in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization; and (iv) the court reporters.

  f. The term "receiving party" means any person to whom information is disclosed in this action in response to any discovery method permitted by the Federal Rules of Civil Procedure.

 2. Any information supplied in documentary or other tangible form may be designated by NAAG as NAAG Confidential Information by placing or affixing on each page of such document, or on the face of such thing, the legend "CONFIDENTIAL" (uppercase or lowercase). In the case of documents or information produced in any electronic form, the legend

"CONFIDENTIAL," when placed or affixed on the face of such thing, shall designate such thing and information therein to be NAAG Confidential Information. In the case of documents produced prior to the entry of this Order, NAAG shall have fifteen (15) days from the date of entry of this Order to designate in writing each document containing NAAG Confidential Information and each such designated document shall thereafter be treated as NAAG Confidential Information under the terms of this Order.

3. Xcaliber International Limited, LLC ("Xcaliber") stipulated that it will not challenge any confidentiality designation made by NAAG in the Eastern District of Louisiana or this Court.

4. NAAG Confidential Information may be disclosed only to qualified persons. All qualified persons in possession of NAAG Confidential Information shall execute Exhibit A ("Qualified Persons Bound by Protective Order") and, in so doing, shall provide an exhaustive list of all individuals who meet the definition of a qualified person and to whom NAAG Confidential Information may be disclosed under this Order. Prior to any disclosure, qualified persons shall read this Order and (i) agree to be bound by the terms thereof, (ii) agree to maintain said information in confidence, and (iii) agree not to disclose NAAG Confidential Information to anyone other than as set forth herein.

5. Any summary, compilation, notes, or copy or copies containing NAAG Confidential Information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy or copies, electronic image or database is derived. Any such summary, compilation, notes, copy or copies which constitute attorney work product shall not be subject to the return or destruction provisions in paragraph 14 of this Order.

6. During a deposition or pretrial evidentiary hearing in this matter, if a question is asked that would result in the disclosure of NAAG Confidential Information, a party or NAAG may designate the response as NAAG Confidential Information, prior to the response being given, by stating on the record that the answer is "CONFIDENTIAL," or within fifteen (15) business days after receipt of the transcript, by notifying counsel for the parties in writing that the answer is "CONFIDENTIAL." All such transcripts shall be treated as NAAG Confidential Information until fifteen (15) business days after receipt thereof by counsel for the parties and counsel for the witness. Once an answer to a question is designated as NAAG Confidential Information, only qualified persons may be in attendance. The portion of the transcript corresponding to the designated answer shall be marked by the reporter and videographer as "CONFIDENTIAL." Each party shall cause each copy of those portions of the transcript in its custody or control or that comes into its custody or control to be immediately marked as "CONFIDENTIAL." A party may also stamp "Portions of the Transcript Contain Confidential Information" on the front of the transcript, or alternatively segregate that portion of the testimony designated as containing NAAG Confidential Information.

7. Disclosure of NAAG Confidential Information may be made to experts who are formally retained by and actively assisting counsel identified in 1(e)(i) and (ii) in the preparation and trial of this action. The party retaining any such expert shall provide opposing counsel with the name of said expert on Exhibit A ("Qualified Persons Bound by Protective Order") or, if Exhibit A has been previously executed, on an addendum thereto.

8. In the event any document is produced that NAAG later claims is protected by attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request by NAAG, return the

original to NAAG, destroy all copies thereof, as well as, all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of the document, or any portion thereof, from any word processing or data base tape or disk it maintains. Production of privileged, work-product-protected, or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications. Return of a document for which NAAG has asserted a claim of privilege, work-product-protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work product protection or immunity is invalid or inapplicable, provided, however, that mere production of the document in the course of this action shall not be a ground for asserting waiver for the privilege, protection or immunity.

9. This Order is entered solely for the purpose of facilitating the production of confidential documents by NAAG to the parties in this action without unnecessary involvement of the Court. Nothing in this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or non-confidentiality of any such information; or (iii) altering any existing obligation of any party or subscriber, or the absence of such obligation.

10. This Order shall be without prejudice to the right of any party or other subscriber to this Order (i) to bring before this Court, at any time, the question of whether any particular document or information is NAAG Confidential Information or whether its use otherwise should be restricted or (ii) to present a motion to this Court under Fed.R.Civ.P. 26(c), for a separate protective order as to any such particular document or information, including restrictions

differing from those specified herein. This Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

11.   Items Filed with the U.S. District Court for the Eastern District of Louisiana ("Eastern District of Louisiana").

a.   Prior to the filing of documents containing NAAG Confidential Information, the filing party must submit the documents in the form of a motion to the Eastern District of Louisiana for review and approval of the documents' confidential status, along with notice to counsel for NAAG and opposing counsel.  The party making any such submittal to the Eastern District of Louisiana shall place or affix on each page of any submitted documents, or, in the case of information produced in any electronic form, on the face of any submitted disc, drive, or other electronic storage media, the legend CONFIDENTIAL (uppercase or lowercase). Documents or information which, upon review, are confirmed as NAAG Confidential Information subject to this Order shall be declared as such by separate Order of the Eastern District of Louisiana.  Documents or information which, upon review, the Eastern District of Louisiana has refused to confirm as NAAG Confidential Information cannot be filed under seal.

b.   All documents, including pleadings, motions, and other papers, containing NAAG Confidential Information that are filed in this Court or in the Eastern District of Louisiana shall, except as otherwise ordered by the court in which they are filed, be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, the word "CONFIDENTIAL," and a statement substantially in the following form:

**FILED UNDER SEAL**

By order of the Court, entered on [date], this envelope is to remain sealed, and the Clerk of the Court shall not reveal the contents thereof to any person until further order of the Court.

All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any NAAG Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

12. The parties and NAAG shall attempt to agree upon procedures to prevent disclosure of NAAG Confidential Information at any hearing or trial. Prior to such hearing or trial, the parties and NAAG shall submit any disputes relating thereto to the Eastern District of Louisiana for resolution.

13. If NAAG Confidential Information in the possession, custody or control of any receiving party is sought by subpoena, request for product on of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed, shall (i) on or before the second business day after receipt thereof, give written notice of such process or discovery request together with a copy thereof, to counsel for NAAG; and (ii) cooperate to the extent necessary to permit NAAG to seek to quash or modify such process or discovery request.

14. Upon final termination of this action, including all appeals, all parties and experts and consultants shall (i) at the option of NAAG, return to NAAG or destroy all originals of material produced and designated as NAAG Confidential Information and all identical copies,

whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as all notes, memoranda, or other documents that summarize, discuss, or quote materials produced and designated as NAAG Confidential Information, except that, with respect to word processing and database tapes and disks, such tapes or disks shall be destroyed or erased to the extent practicable. Notwithstanding the above, outside counsel for each party shall be entitled to retain attorney work product, and copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as NAAG Confidential Information, provided that all such documents shall remain subject to this Order. Counsel of record for the parties shall certify in writing to each producing person that it has complied with the foregoing provisions.

15. This Court shall retain jurisdiction of this matter for purposes of enforcing this Order.

16. This Order shall survive and remain in full force and effect after termination of this action.

DATED: This ___ day of_____, 2007.

SO ORDERED:

_____
JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

    Respectfully submitted,

    s/ Leslie Paul Machado_____
    Robert P. Fletcher (Bar No. 375543)
    Leslie Paul Machado (Bar No. 472395)
    John M. Bramlette
    NIXON PEABODY LLP

401 Ninth Street, N.W., Suite 900
Washington D.C. 20004-2128
Tele: (202) 585-8000
Fax: (202) 585-8080

*Attorneys for the National Association of Attorneys General*


SEEN AND AGREED TO:

s/ Kyle M. Keegan_____
Kyle M. Keegan  (LA No.19942)
Christopher D. Kiesel (LA No. 26360)
ROY, KIESEL, KEEGAN & DeNICOLA
2355 Drusilla Lane
Baton Rouge, LA 70809
Telephone: (225) 927-9908
Facsimile: (225) 926-2685

*Attorneys for Plaintiff XCaliber International Limited, LLC*

s/ Stacie L. deBlieux_____
Stacie L. deBlieux (LA No. 29142)
Assistant Attorney General
Louisiana Department of Justice
P.O. Box 94005
1885 North 3rd Street, 4th Floor
Baton Rouge, LA 70804-9005
(225) 326-6423 / 6072 (Fax)

*Attorneys for Defendant, Charles C. Foti, Jr.*

**EXHIBIT A**

**Qualified Persons Bound by Protective Order**

Undersigned counsel does hereby certify, on behalf of [signatory to Protective Order], that the following identified individuals constitute an exhaustive list of all individuals who meet the definition of "qualified person" and to whom any NAAG Confidential Information may be disclosed as provided in the attached Protective Order, dated _____ , 2007, entered by the United States District Court for the District of Columbia in the action captioned, *XCaliber International Limited, LLC v. Charles C. Foti, Jr., in his capacity as Attorney General for the State of Louisiana*, Misc. Case No. 06-MS-545.

All individuals listed have, prior to any disclosure of NAAG Confidential Information, read the attached Protective Order and have agreed to be bound by the terms thereof.

| **Individual** | **Position of Employment or Reason for Qualified Person Status** |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

_____
Signature of Counsel for _____

Date:_____